WILLIAM T. HART AND OTHERS, RESPONDENTS, *v.* THE OGDENSBURG AND LAKE CHAMPLAIN RAILROAD COMPANY AND THE CENTRAL VERMONT RAILROAD COMPANY, APPELLANTS.

*Open commission to another State — property in litigation here, evidence in another State—affidavit by attorney on information and belief—examination of adverse party.*

In an action by certain stockholders of a New York railroad company to enjoin its consolidation with a Vermont company the exact evidence of certain material allegations of the complaint, as to dealings between the companies and between the nominal officers of the New York company, who were charged to have been really the agents of the Vermont company, could only be obtained from the books and papers of the two companies which were in the possession of the Vermont company in that state.

*Held,* that as the subject-matter or property affected by the proposed consolidation, being the road-bed and other property of the New York company, was in the State of New York, the proper forum for the action was here.

That this being so, the fact that the evidence was in Vermont, and that, consequently, the issues of fact must largely be tried there, should be treated as an incident of the litigation here, and that a proper case for the issuance of an open commission, on the application of the plaintiffs, was presented.

It is not an objection to the granting of a commission to examine an adverse party; that the affidavit therefor is made by the attorney, on information and belief, and not by the moving party himself, where the conclusions stated upon information and belief are based upon facts which appear in the case beyond contradiction.

It is not necessary to prove, in order to obtain leave to examine an adverse party or to take his testimony by commission, that such adverse party will state the facts in a manner favorable to the moving party, but it must be made evident that such adverse party should have knowledge of the facts from which the moving party seeks to draw the favorable conclusion.

APPEAL by the defendants, the Ogdensburg and Lake Champlain Railroad Company and the Central Vermont Railroad Company, from an order of Hon. LESLIE W. RUSSELL, a justice of the Supreme Court, entered in the office of the clerk of St. Lawrence county on the 7th day of December, 1892, granting the plaintiffs' motion for an open commission to take testimony in the State of Vermont.

*Louis Hasbrouck, Daniel Magone* and *John C. Keeler,* for the appellants.

*Theodore Swift, Charles O. Tappan* and *William C. Loring,* for the respondents.

Order granting an open commission affirmed on opinion of Special Term, with ten dollars costs and printing and other disbursements.

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

The opinion of Special Term is as follows:

RUSSELL, J.:

The plaintiffs, as stockholders of the Ogdensburg Company, sue the defendants to prevent a consolidation of the two companies. Their grounds for relief shortly stated are:

*First.* The Ogdensburg Company is so largely officered by the other company and so completly within its grasp, that the contract of consolidation proposed is simply one which the Central Vermont Company is making with itself wherever it affects the property of the Ogdensburg Company, and, consequently, the interest. of the plaintiffs.

*Secondly.* If for this reason the contract be not void, it is still so, because grossly inequitable for many reasons, one being that it is proposed to take ten shares of the Ogdensburg Company to make one. share of the new company, while the Central Vermont Company exchanges its shares each for each in the new company.

The subject-matter or property affected by the proposed consolidation, being the road-bed and the other property of the Ogdensburg Company lies, within the State of New York. This is, there·fore, properly the forum for the litigation. The evidences of the dealings for past years between the companies and between the nominal officers of the Ogdensburg Company, who are charged to· have been really the agents of the Central Vermont Company, are shown by books and papers which are outside the State and in the possession of the latter company in the State of Vermont. If, there-·fore, the plaintiffs are compelled to prove, as matters of fact, certain allegations of their complaint by exact evidence as they appear upon the books and from the papers of the two companies, and as. known by the officers of the two companies, it is necessary for them to go to the fountain head of the evidence and largely try the matters of fact in the State of Vermont. If this necessity arose from the attempt of the plaintiffs to bring their action in a forum which was palpably out of place, it would be sufficient to deny an

open commission to them. The courts would tell them to go to that forum for trial. But as they have brought their action where the property lies the necessity is an incident, and does not bar their right to a fair trial

The motion is strenuously opposed on various grounds, none of which seem to this court to be sufficiently meritorious to call for an absolute denial of the motion.

It is stated, in the affidavit of the attorney for both companies, upon information and belief, that the action was brought to compel the purchase of the plaintiff's stock at a large price. I see no fact stated by him, or appearing from any of the papers, which justifies the inculpating part of such a charge. If it is meant that the plaintiffs are seeking with diligence, and the use of all such legal appliances as are proper to protect their stock interest in the Ogdensburg Company, and would be glad if such diligent and strenuous action appreciated the value of their stock sufficiently so that those interested in the defense would purchase at a satisfactory price, then the plaintiffs are doing only that which they have a legal right to do, and it is not to be supposed that anyone who brings a legal action does so to simply vindicate a pure principle of morality and justice.

*Second.* The defendants also claim laches. No right of theirs seems to have been impaired, or any position lost by delay. The next trial term in St. Lawrence county is nearly two months away, and it would seem that this commission might be executed, if both parties proceed with diligence, long before that term.

*Third.* It is contended that the application, so far as it is founded upon the allegations of the complaint, and upon the statements of the attorney and counsel in the moving affidavits, rests upon information and belief, and various cases are cited containing expressions of opinion by different judges, that in such cases the affidavit should be made by the parties themselves, instead of the attorney and counsel. There is in many cases a reason for such a rule. But affidavits and statements in papers are simply designed to present facts for the information of the court, and upon which it can act. A conclusion stated upon information and belief, but which is based upon facts which appear beyond contradiction, is as convincing as the absolute statement of knowledge. In this case many of the facts are beyond dispute. Some of them are admitted by the plead-

ings, and, of course, as to those no evidence is required. But other allegations which, upon the argument of the injunction before me, were acquiesced in, or assumed for the purposes of that argument to be as claimed by the plaintiffs, are put in issue by the forms of the answers. Hence, evidence is required, even upon the various facts which demonstrate the connection of the Central Vermont Company with the organization of the Ogdensburg Company for various years back. The entire scope of the allegations of the complaint charging bad faith and mismanagement of the Ogdensburg Company is denied by the answers.

It, therefore, comes pretty much to this: Either this court must, upon this motion, compel the plaintiffs to give up their case by denying to them the opportunity to prove it, or must allow them such a commission as will enable them to get their evidence, which must almost entirely come from adverse witnesses, and books and papers in the possession of the adverse parties. Those adverse parties deny to these plaintiffs a right or privilege to examine these books and papers, although the plaintiffs are stockholders. The claim made by defendant's counsel that, when an examination of an adverse party, or the testimony of an adverse party by commission is sought, it is necessary to prove, to get the order, that that adverse party will state the facts favorable to the side moving, seems to me to be unfounded. It is doubtless the rule that, in the requirement of the adverse party to submit to an examination, it should be evident that that adverse party should have knowledge of the facts from which the moving party seeks to draw the favorable conclusion; but that is the extent of the rule. Otherwise a denial under oath upon the motion by the adverse party that he could testify favorably would be sufficient to destroy the application.

I think the motion should be granted, and the only serious difficulty which I have had with the determination is, as to the extent of the latitude to be allowed. Plainly an ordinary commission with written interrogatories would be useless in view of the want of exact knowledge of the methods of the management of the two companies possessed by the plaintiffs or their counsel. It is also evident that the plaintiffs are not in possession of the names of the precise persons who have custody of the important books and documents which they may need, or of the names of those who may have passed from the

service of the defendants, but who were actors at the time of various of the events. It may be easily seen why the plaintiffs can charge the happening of various events which culminated in what they allege to be a disaster, and yet not be able, prior to an examination of the parties participating, to state *in extenso* by common-law evidence the exact means by which the result was attained. I cannot believe that the defendants or their counsel will present needless or harrassing obstacles in the way of obtaining proper and relevant evidence upon the issues after the court shall have awarded a commission for that purpose. And, acting on such belief, I cannot indulge the plaintiffs with the extreme latitude of such an open commission as would allow an unnecessary range of examination, nor do I believe they desire it. Therefore, the commission, in a general way, should be limited to an examination of those present and past officers, agents and clerks of the companies who have or have had charge of the books and papers, and have knowledge of the events alleged in the complaint upon those subjects, and the examination should be confined to proper proof: First. As to whether the defendant, the Ogdensburg Company, has been under the control of the management of the other defendant, and to what extent? Second. By whom and under what circumstance was the attempted consolidation arranged and so far carried on? Third. The circumstances which render that arrangement unjust to the Ogdensburg Company; and, fourth, the amounts of money or property which the Central Vermont Company should have credited to the Ogdensburg Company, or which they are obliged in law to account for?